**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
Southern Division

**Tamara Jones**
**Martavious Henderson**
5110 A Street, S.E., Apt #3
Washington, DC 20019

        Plaintiffs,

v.

**Balwant Bagalkotakar M.D., P.A.**
3611 Branch Avenue #102
Temple Hills, MD 20748

And

**Holy Cross Hospital of Silver Spring, Inc.**
1500 Forest Glen Road
Silver Spring, MD 20910

    SERVE:  Dana Shultz, Esq.
                  Wharton, Levin, Ehrmantraut & Klein
                  104 West Street
                  Annapolis, MD 21404

**Silver Spring Emergency Physicians, P.C.**
7500 Forest Glen Road
Silver Spring, MD 21202

    SERVE:  CSC Lawyers Incorporating Service Co.
                  Resident Agent
                  11 East Chase Street
                  Baltimore, MD 21202

And

**Raymond Magnus White, M.D.**
c/o Silver Spring Emergency Physicians

    SERVE:  CSC Lawyers Incorporating Service Co.
                  Resident Agent
                  11 East Chase Street
                  Baltimore, MD 21202

# COMPLAINT
# (Medical Malpractice)

## Jurisdictional Statement

1. Jurisdiction of this Honorable Court arises from 28 U.S. C. Section 1332, in that the Plaintiffs are domiciled of the District of Columbia and that all defendants are domiciled in Maryland and the Plaintiffs' claims, both jointly and severally exceeds $75,000, exclusive of interest and costs.

2. Pursuant to Court and Judicial Proceeding Article, Title 3, Subtitle 2A, Section 3-2A-02, a timely Statement of Claim was filed and docketed in the Health Care Alternative Dispute Resolution Office as HCA no. 2009-11, which is a statutory precondition to filing suit in any court with otherwise appropriate jurisdiction, including this court.

3. In support of the Claimants (Plaintiffs herein) Statement of Claims against the Health Care Providers (all of whom are Defendants herein), Plaintiffs filed appropriate Certificates of Merit and Physician's Reports with respect to the negligence of all Defendants herein, as required by Maryland law in the Health Claims Alternative Dispute Resolution Office, all of which documents are adopted herein by reference thereto.

4. On January 8, 2010, an *Order of Transfer* was issued by the Director, Health Care Alternative Dispute Resolution Office. There are no further administrative remedies which the Plaintiffs are required to exhaust as a pre-condition to filing suit. The aforesaid Order is appended hereto and incorporated herein by reference.

## Parties

5. Defendant Balwant Bagalkotakar is a physician licensed to practice in Maryland with an office in Prince George's County, Maryland. He is an employee and/or principal officer in Balwant Bagalkotakar, M.D., P.A., and holds both himself and his medical practice out to the public as a pediatrician capable of treating children in accordance with the standard of care applicable to pediatricians.

6. Defendant Holy Cross Hospital is a facility that ostensibly employs physicians for emergency care in the State of Maryland and treats patients from Prince George's County, among others, including children. It holds itself out to the general public as capable of providing both emergency and acute care for children who need medical attention and treatment. It is sued in its corporate capacity and as the ostensible employer of emergency room physicians and other personnel working in its emergency department when Khamari Henderson was a patient there and all other times pertinent to this Complaint.

7. Defendant Silver Spring Emergency Physicians, Inc., is a corporation employing emergency department physicians at Holy Cross Hospital at the time Khamari Henderson was a patient there and all times pertinent to this Complaint.

8. Defendant Raymond Magnus White, M.D., was at all times pertinent hereto, an attending physician employed to provide emergency medical services in the Emergency Department of Holy Cross Hospital. He examined Khamari Henderson on May 18, 2006, in the emergency room of Holy Cross Hospital during the time she was a patient there. He was the ostensible agent of Holy Cross Hospital and had professional medical responsibility for her care during the time she was a patient there.

9. Each of the aforesaid Defendants represented to the Plaintiffs and the public at large that he/it possessed that degree of skill, knowledge and ability ordinarily possessed by a health care provider under the same or similar circumstances, and each health care provider owed a duty to Khamari Henderson, the decedent, the Plaintiffs and the public at large to exercise the degree of care, skill & judgment exercised by such a health care provider in like or similar circumstances in the care and treatment of the decedent, Khamari Henderson. Khamari Henderson was the product of a full term pregnancy and was delivered on May 4, 2006, at Prince George's County Hospital. She was discharged on May 6, 2006, with instructions to her parents to follow up with her private pediatrician in two weeks. Khamari was described as alert and active on discharge.

## Factual Contentions Applicable to All Counts

10. On May 18, 2006, the Plaintiffs took Khamari to Defendant Holy Cross Hospital of Silver Spring, Inc. (hereinafter, "Holy Cross"), with complaints of intractable vomiting, diarrhea and choking. Vital signs revealed tachycardia and tachypnea. She demonstrated vomiting on feeding in the emergency room. After a cursory examination in the Emergency Department, she was discharged. No labs or additional studies were ordered and no pediatrician was consulted. Her parents were instructed to give Khamari Pedialyte and to make an appointment to see a private pediatrician, which they did.

11. On May 22, 2006, Plaintiffs brought Khamari to be examined by Defendant Balwant Bagalkotakar, M.D. The medical records of this Provider lists "check up" as the reason for the visit. His records are silent as to the history, but the autopsy report reveals that the history given at this visit was the same as that given during the visit to the Emergency Department at Holy Cross Hospital on May 18, 2006.

12. On May 30, 2006, Plaintiffs brought Khamari again to Defendant Bagalkotakar, who examined and found her to be having convulsions. Dr. Bagalkotakar

instructed the Plaintiffs to bring Khamari to Children's Hospital National Medical Center in the District of Columbia themselves. He did not offer an ambulance, treatment or any other alternatives. The family had no idea how to find this facility and they were given driving directions. They followed his instructions and drove their child immediately to Children's Hospital National Medical Center.

13. Upon arrival and examination at Children's Hospital, Khamari was found to be dehydrated and acidotic. She was transferred to the Pediatric Intensive Care Unit where after fluid resuscitation; she went into cardiac arrest and died.

14. An autopsy was performed the next day at the Medical Examiner's office. The autopsy revealed her cause of death to be occlusive thromboemboli of the pulmonary trunk and both major pulmonary arteries as complication of dehydration.

**Contentions Regarding the Cause of Action Applicable to All Counts**

15. Plaintiffs, the parents of Khamari Henderson, bring this Wrongful Death Action under the Maryland Cts & Judicial Proceedings Article, Sections 3-901 et seq. Md. Code Ann. For the benefit of the primary beneficiaries of Khamari Henderson, deceased.

16. Plaintiffs bring this Wrongful Death Action to recover damages for each of their respective mental anguish, emotional pain, emotional suffering, loss of society, companionship, comfort, protection, counsel, affection, and the benefits the Defendants would have been expected to receive from the decedent until their daughter reached the age of 18 and all other damages and injuries allowed by the Wrongful Death Statute.

17. All of the Defendants, both individually and if a corporation, through their employees and agents, had a duty at the time the decedent was under their respective professional medical care and/ or the care of their employees and agents, to provide such care in accordance with the standard of care applicable to their respective specialties.

18. All of the Defendants, either individually or if a corporation, through their agents and employees, deviated from the standard of care as set forth in the appended medical reports, which are adopted and incorporated herein by reference. Their acts and omissions as set forth in the appended reports, jointly and severally, were negligent and caused the death of the decedent. As such, they are jointly and severally liable to the plaintiffs under the Wrongful Death Act, as aforesaid.

## COUNT I
### (Wrongful Death Act Claim against
### Defendant Balwant Bagalkotakar, M.D., P.A., as well as individually)

19. All of the above allegations are adopted and incorporated herein by reference as though expressly pled.

**WHEREFORE,** the premises considered, Plaintiffs demand judgment against Defendants Balwant Bagalkotakar M.D., P.A., and /or against this physician individually for an amount in excess of the jurisdictional limit of the diversity jurisdiction of the United States District Courts.

## COUNT II
### (Wrongful Death Act Claim against
### Defendant Holy Cross Hospital of Silver Spring, Inc.)

20. All of the above allegations are adopted and incorporated herein by reference as though expressly pled herein.

**WHEREFORE,** the premises considered, Plaintiffs demand judgment against Defendant Holy Cross Hospital of Silver Spring, Inc. Predicated on the negligent acts and omissions of their employees and /or agents who at the times pertinent to the events set forth herein, exercised professional responsibility for the Plaintiffs' decedent, for an amount in excess of the jurisdictional limit of the of the diversity jurisdiction of the United States District Courts.

## COUNT III
### (Wrongful Death Act Claim against
### Silver Spring Emergency Physicians, P.C. and Raymond Magnus White, M.D.)

21. All of the above allegations are adopted and incorporated herein by reference as though expressly pled herein.

**WHEREFORE,** the premises considered, Plaintiffs demand judgment against Defendant Silver Spring Emergency Physicians, P.C. Predicated on the negligent acts and omissions of Raymond Magnus White, M.D., individually, who at the times pertinent to the events set forth herein, exercised professional responsibility for the Plaintiffs' decedent, for an amount in excess of the jurisdictional limits of the United States District Court.

Respectfully submitted,

**KARP, FROSH, LAPIDUS, WIGODSKY & NORWIND, P.A.**

_____
Lawrence S. Lapidus, #02922
1133 Connecticut Avenue, NW
Twelfth Floor
Washington, D.C. 20036
202-719-8945
*Attorney for Plaintiffs*

### DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury of all issues so triable as presented in the Complaint.

_____
Lawrence S. Lapidus